UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Evon Drinkwater,

    Plaintiff,

v.                                                       Case No. 07-15102

Thomas R. Drinkwater, *et al.*,                Honorable Sean F. Cox

    Defendants.
_____/

## **OPINION & ORDER**

This action involves a dispute over the proceeds of a life insurance policy insuring the life of Robert Drinkwater, Plaintiff's deceased husband. Plaintiff brought this action against Defendant Thomas Drinkwater, Robert's brother, asserting the following claims against him: 1) undue influence; 2) fraud; 3) innocent misrepresentation; and 4) unjust enrichment. The matter is currently before the Court on Defendant's Motion to Dismiss, brought pursuant to FED. R. CIV. P. 9(b) and 12(b)(6). The parties have briefed the issues and oral argument was heard on November 6, 2008. For the reasons that follow, the Court shall grant the motion in part and deny the motion in part. The Court shall grant the motion to the extent that the Court shall dismiss the fraud and innocent misrepresentation claims (Counts II & III). The motion is denied in all other respects and, therefore, the undue influence and unjust enrichment claims (Counts I and IV) shall proceed.

BACKGROUND

At all relevant times, Robert Drinkwater ("RD") and Plaintiff Evon Drinkwater ("Plaintiff") were married. RD was the owner of a life insurance policy issued by Unum

1

Provident Life Insurance Company ("the Policy"). (Pl.'s Resp. at iv). The death benefit for the Policy was $110,000. (Compl. at ¶ 10).

On or about March 29, 2005, Plaintiff instituted proceedings in Allen Circuit Court in Indiana to dissolve the marriage. No decree of dissolution has ever been entered in that action. Thus, Plaintiff and RD remained married as of the date of his death. (Compl. at ¶ 7).

On or about June 14, 2005, RD executed a form changing his beneficiary on the Policy from Plaintiff to Defendant. (Compl. at ¶ 11).

On or about September 26, 2005, the Allen Circuit Court entered an order that stated, in pertinent part, that:

> 3. Pending further Order, the Respondent [Robert Drinkwater] is ordered to change the beneficiary designation of all life insurance policies on Respondent's life, which designations have replaced Petitioner [Evon Drinkwater] as said beneficiary, and which replacement has occurred since October 13, 2004. Further, the new beneficiary designation shall be a Trust established by Respondent's counsel for the purpose of paying the outstanding and future medical expenses incurred by Respondent in treating Respondent; and the distribution of the remainder of the Trust shall be subject of an action in a Court with proper jurisdiction.

(Ex. 3 to Def.'s Motion).

On October 28, 2005, the Allen Circuit Court ordered RD to "fully comply with the Court's September 26, 2005 Order forthwith. If Respondent has not fully complied by November 8, 2005, the Respondent shall change all referenced beneficiary designation(s), with new designation(s) simply being the Petitioner, Evon Drinkwater. Further, should Respondent fail to perform as required herein, attorney Thomas Stucky is appointed as Commissioner to perform said tasks, all at Respondent's costs." (10/31/05 Order in Allen Circuit Court, attached as Ex. 4 to Def.'s Motion).

2

On November 7, 2005, RD executed the "Robert W. Drinkwater Life Insurance Trust Dated November 7, 2005" (the "Trust"). (Ex. A to Compl.). The Trust Agreement named Defendant as the Trustee. It defined the trust estate as follows:

> The Grantor does hereby transfer and deliver to the Trustee the property listed in SCHEDULE A, annexed hereto, to have and to hold the same and at some point in the future, certain life insurance proceeds from a policy currently owned by the Grantor hereinafter referred to collectively as the "trust estate," for the purposes and upon the terms and conditions herein set forth.

(*Id.* at 1). "Schedule A" to the Trust Agreement listed only $10.00 in cash. The Trust Agreement provides, in pertinent part, the following with respect to disposition of the trust property after death:

> After the Grantor's death, and receipt of the life insurance proceeds, the Trustee shall pay all of the Grantor's healthcare costs, expenses, debts and obligations as of the effective date of this trust (costs, expenses, debts and obligations that have been paid for from November 8, 2005 forward may also be reimbursed).
> Following payment and reimbursement of any all expenses noted above, the Trustee shall continue to hold remaining trust assets until such time as the distribution of the remainder of the Trust shall be subject to an action in a Court with proper jurisdiction.

(*Id.* at 2).

On November 8, 2005, Respondent filed a "Notice of Compliance" in the Allen Circuit Court action that stated:

> COMES NOW Respondent, Robert W. Drinkwater, by counsel, and in compliance with the Court's order of October 28, 2005, now files this November 8, 2005, a copy of the Robert W. Drinkwater Life Insurance Trust Dated November 7, 2005, which is attached hereto and made a part hereof as Exhibit "A."

(Ex. 5 to Def.'s Motion). It is undisputed, however, that as of November 8, 2005, RD had not changed his beneficiary designation on the Policy and, therefore, Defendant was still the sole

3

beneficiary.

RD died on November 14, 2005. At that time, Defendant was still listed as the sole beneficiary of the Policy.

Following RD's death, Defendant filed a claim for the life insurance proceeds. Unum Life Insurance paid the life insurance proceeds of $110,000.00 to Defendant.

Asserting diversity jurisdiction, Plaintiff filed this action on November 30, 2007, against the following three Defendants: 1) Thomas B. Drinkwater; 2) Clean Harbors Environmental Services, Inc., and 3) an Unnamed Administrator of Clean Harbor Environmental Services, Inc., Employee Benefit Plan (collectively, the "Clean Harbor Defendants"). Plaintiff's complaint asserts following five counts:

- "Undue Influence" (Count I), asserted against Defendant Drinkwater;
- "Fraud" (Count II), asserted against Defendant Drinkwater;
- "Innocent Misrepresentation" (Count III), asserted against Defendant Drinkwater;
- "Unjust Enrichment" (Count IV), asserted against Defendant Drinkwater; and
- "ERISA Violations" (Count V), asserted against the Clean Harbor Defendants.

Plaintiff's complaint requests, among other relief, that "this Court enter judgment in her favor and against the defendants, granting equitable relief and imposing a constructive trust upon the proceeds from the Policy." (Compl. at 5).

On July 28, 2008, Plaintiff voluntarily dismissed her claims against the Clean Harbor Defendants. (Docket Entry No. 19). Thus, Defendant Thomas Drinkwater ("Defendant") is the only remaining Defendant and Counts I, II, III and IV are the only remaining counts.

On July 28, 2008, Defendant Drinkwater filed the instant Motion to Dismiss (Docket

4

Entry No. 15), pursuant to FED. R. CIV. P. 9(b) and 12(b)(6).

When Plaintiff did not file a response to the motion within the time permitted under the local rules, this Court issued a Show Cause Order. In response to the Show Cause Order, Plaintiff filed a motion requesting leave to file a response to the pending motion. In that submission, Plaintiff also requested, *in the alternative*, for leave to file an amended complaint.[1]

This Court granted Plaintiff's request for leave to file a response to the pending motion. Because it granted the relief sought by Plaintiff, the Court did not consider the alternative request.[2]

Standard of Decision

The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion. *Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007)). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Id*. "Twombly does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Id*. In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.

Where, as here, a "court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the

---

[1] Plaintiff's submission did not attach, as an exhibit, a proposed amended complaint.

[2] If Plaintiff still desires leave to file an amended complaint, Plaintiff should immediately file a formal motion for leave to file an amended complaint. Pursuant to Local Rule 15.1, any such motion must attach, as an exhibit, the proposed amended complaint.

case and exhibits attached to defendant's motion to dismiss so long as they are central to the claims contained therein." *Id.*

ANALYSIS

A.  Plaintiff's Undue Influence Claim:

Defendant's motion asserts that "Plaintiff's Complaint asserts no facts regarding the relationship between Robert Drinkwater and Defendant Thomas B. Drinkwater and no facts to support the claim that Defendant exerted any influence over Robert Drinkwater." (Motion at 2).

In response, Plaintiff takes the position that she has alleged sufficient facts to state an undue influence claim. Citing *Kar v. Hogan*, 251 N.W.2d 77 (1976), she asserts that the law presumes undue influence where: 1) a confidential or fiduciary relationship existed between the grantor and a fiduciary; 2) the fiduciary or an interest which he represents benefits from a transaction; and 3) the fiduciary had an opportunity to influence the grantor's decision in that transaction. Plaintiff claims that such a presumption may arise under the facts alleged here. She notes that she has alleged that RD was terminally ill, that Thomas enjoyed a dominant role in a confidential relationship with his brother, RD, and that RD changed the beneficiary of the Policy to Defendant during a time in which Defendant enjoyed such a dominant role in the confidential relationship. Plaintiff contends that, if all allegations are taken as true, she may be able to establish that a confidential or fiduciary relationship existed, that Defendant benefitted from the transactions with his brother, and that Defendant had the opportunity to influence those transactions. She therefore contends that she has stated a claim under the theory of undue influence.

The Court concludes that Defendant has not established that Plaintiff has failed to

sufficiently plead an undue influence claim under Michigan law. Defendant has not cited any cases where, *at the pleading stage*, an undue influence claim was dismissed for failure to state a claim because it contained insufficient supporting factual allegations. Indeed, at the November 6, 2008 hearing, counsel for Defendant acknowledged that she was unable to locate any such authority.

B.     Plaintiff's Remaining Claims:

Defendant contends that the remaining claims must be dismissed because those claims have not "been pled with any facts to support the theory of recovery and reflect nothing more than mere conclusions of law which are insufficient upon which to base a claim upon which relief can be granted." (Def.'s Motion at 2). Defendant contends that Plaintiff "fails to state any facts which could give rise to any inference of any wrongdoing by Defendant whatsoever." (*Id.* at 3).

In response, Plaintiff acknowledges that she has not alleged that Defendant made any direct misrepresentations. She asserts, however, that "Michigan law permits recovery under a theory of fraud in situations where one of two innocent person must suffer a loss from the fraud of a third by imposing the loss upon the party whose negligence enabled the third person to commit the fraud." (Pl.'s Resp. at 4)(citing *Curwood v. Peninsula Fire Ins. Co.*, 198 N.W. 255, 261-62 (Mich. 1924)). Plaintiff contends that she has stated a claim under Michigan law, that may allow her to recover against Defendant, "as the party whose complicity enabled Robert Drinkwater to commit the fraud upon the Court and the Plaintiff." (Pl.'s Resp. at 4).

Plaintiff also contends that she has stated a claim for unjust enrichment. She notes that under Michigan law a person who has been unjustly enriched at the expense of another is

7

required to make restitution to the other, and asserts that such a right to recovery can exist where there is no contractual or other relationship between the party being enriched and the party who is damaged. Plaintiff contends that the facts of this case are similar to those seen in *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898 (2006).

The *Curwood* decision Plaintiff relies on in opposing dismissal of the fraud and misrepresentation claims is quite dated and, more importantly, Plaintiff's complaint does not allege any negligence on the part of Defendant. Moreover, Plaintiff has not identified any authority to support her position that she can proceed, under Michigan law, with a fraud or misrepresentation claim against Defendant where she does not allege that she was involved in any transactions with Defendant and where she does not allege that Defendant himself made any misrepresentations. In addition, fraud claims must be pled with particularity and the Court agrees that Plaintiff has not pled her fraud claim with particularity. The Court shall therefore dismiss Plaintiff's fraud and innocent misrepresentation claims.

Although this certainly is not a "typical" unjust enrichment claim, the Court concludes that under the rather unusual facts of this case, Plaintiff states a claim for unjust enrichment.

In order to sustain an unjust enrichment claim, a plaintiff must establish: 1) the receipt of a benefit by the defendant from the plaintiff; and 2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich.App. 187 (2006). If reasonable minds could differ whether the alleged retention of benefit is unjust, then dismissal is inappropriate. *Hoving v. Transnation Title Insurance Company*, 5454 F.Supp.2d 662, 670 (2008)(citing *Kammer Asphalt Paving Co., Inc. v. East China Tp. Schools*, 443 Mich. 176, 186 (1993)). Numerous cases have held that a benefit may be unjustly obtained

by a defendant through an intermediary. *Hoving, supra*.

Here, Defendant claims that "[t[here is no evidence to substantiate Plaintiff's allegation that Defendant requested the benefit or misled either Plaintiff or Robert Drinkwater in obtaining the benefit." (Def.'s Br. Reply Br. at 3). Whether Plaintiff can put forth such evidence, however, is not a matter to be resolved in a motion to dismiss.

Defendant also contends that the insurance proceeds cannot be considered a "benefit of the Plaintiff" because the Court's order provided that the Trust was to be established for the purpose of paying RD's medical expenses and the "subject of any remaining insurance proceeds was left for further determination." (Def.'s Br. Reply Br. at 3). However, the Allen Circuit Court's orders also provided that if RD did not fully comply by November 8, 2005, then RD "shall change all referenced beneficiary designation(s), with new designation(s) simply being the Petitioner, Evon Drinkwater." (10/31/05 Order in Allen Circuit Court, attached as Ex. 4 to Def.'s Motion). Thus, again, this appears to be a factual issue to be resolved at trial, or in a summary judgment motion, not a motion to dismiss.

The Court therefore concludes that Plaintiff has stated an unjust enrichment claim.

CONCLUSION & ORDER

Accordingly, for the reasons above, Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that Plaintiff's fraud and innocent misrepresentation claims (Counts II & III) are **DISMISSED**. The motion is

**DENIED** in all other respects.

                              s/Sean F. Cox  
                              Sean F. Cox  
                              United States District Judge

Dated: November 10, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 10, 2008, by electronic and/or ordinary mail.

                              s/Jennifer Hernandez  
                              Case Manager